BRYAN, Judge,
dissenting.
I respectfully dissent. In my opinion, L.E.O. and P.O. have demonstrated on appeal that the Madison Circuit Court was plainly or palpably wrong in concluding that the child in question, born in June 2003, was not a dependent child pursuant to § 12-15-1(10), AIa.Code 1975 (now codified at § 12-15-101(8), Ala.Code 1975).
L.E.O. and P.O. produced substantial evidence indicating that J.I.P., the child’s father, had abandoned the child. Specifically, L.E.O. and P.O. produced evidence indicating that, for three years prior to the final hearing in this case, the father had not paid any support for the child and indicating that father had not seen the child since August 2005. The father admitted that he did not know where the child went to school or who the child’s doctors were. The father testified that his visitation with the child had been thwarted by the child’s mother and that he had been unaware that the child was living with L.E.O. and P.O. The father’s abandonment of the child for approximately three years cannot be excused simply because he contends that he was unaware of the child’s circumstances. The fact that he was unaware of who was caring for and providing for his child during that time further convinces me that he had abandoned the child. The evidence produced by L.E.O. and P.O. unequivocally shows *1042 that the father had “with[held] from the child, without good cause or excuse, ... his presence, care, love, protection, maintenance, or the opportunity for the display of filial affection,” had “fail[ed] to claim the rights of a parent,” and had “fail[ed] to perform the duties of a parent.” § 26-18-3(1), Ala.Code 1975 (now codified at § 12-15-301(1), Ala.Code 1975), thereby demonstrating that the child was dependent.